Filed 7/21/14  P. v. Santellano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL ANTHONY SANTELLANO,<br><br>    Defendant and Appellant. | H040649<br>(Santa Clara County<br> Super. Ct. No. C1243622) |

## I.  INTRODUCTION

Defendant Paul Anthony Santellano pleaded no contest to the felony charge of grand theft (Pen. Code, §§ 484, 487, subd. (a))[1] and the misdemeanor charge of failure to register as a sex offender (§ 290.011, subd. (a)).  Defendant also admitted the allegation that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).  In accordance with the plea agreement, the trial court imposed a total term of two years eight months in the state prison.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court.  Appointed counsel has filed an opening brief that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument

---

[1] All statutory references hereafter are to the Penal Code.

on his own behalf within 30 days. The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II. FACTUAL BACKGROUND

Since no preliminary hearing was conducted in this case, our description of the facts of the instant offenses is taken from the probation report.

On October 23, 2012, defendant and another man took a stack of denim jeans valued at $1,070 from a Macy's store and left without paying. While Macy's loss prevention officers were chasing defendant, he tripped over a curb and fell down. The loss prevention officers handcuffed defendant and recovered the jeans that he had dropped.

Santa Clara police officers responded to the Macy's store and performed a record check, which revealed that defendant was a transient sex offender registrant who was four days out of compliance with the 30-day registration requirement. (See § 290.011.)

## III. PROCEDURAL BACKGROUND

The first amended complaint filed on December 13, 2012, charged defendant with one felony count of grand theft (§§ 484, 487, subd. (a); count 1) and one misdemeanor count of failure to register as a sex offender (§ 290.011, subd. (a); count 2). The first amended complaint also alleged that defendant had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

On April 25, 2013, defendant entered into a plea agreement in which he pleaded no contest to both charges in the first amended complaint and admitted the allegation that

2

he had a prior strike conviction in exchange for a state prison sentence of two years eight months. Defendant subsequently filed six petitions for writ of habeas corpus in propria persona (concerning prison conditions, the prison library, parole conditions, and medical expenses) that were denied by the trial court.

During the sentencing hearing held on January 22, 2014, the trial court denied defendant's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court then sentenced defendant to a total term of two years eight months in the state prison, calculated by doubling the low term of 16 months on count 1. The court also imposed a concurrent county jail sentence of six months on count 2. Presentence custody credit of 913 days (457 actual days and 456 days pursuant to § 4019) was granted. The court denied probation and advised defendant that upon his release he would be subject to a three-year parole supervision period.

Additionally, the trial court ordered defendant to pay a $240 restitution fine (§ 1202.4, subd. (b)(2)) and suspended the imposition of a $240 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court security fee of $40 (§ 1465.8, subd. (a)(1)), a criminal conviction assessment fee of $30 (Gov. Code, § 70373), a criminal justice administration fee of $129.75 to the City of Santa Clara (Gov. Code, § 29550.1), and a $10 fine pursuant to section 1202.5.

## IV. *WENDE* ANALYSIS

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## V. DISPOSITION

The judgment is affirmed.

3

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.